OPINION
{¶ 1} Defendant-appellant, Robert Rager, appeals his conviction in the Butler County Court of Common Pleas for felonious assault.
 {¶ 2} Appellant was indicted in February 2003 on one count of aggravated burglary, two counts of kidnapping, and one count of felonious assault. The charges stemmed from an incident that occurred on January 16, 2003, wherein appellant entered, under false pretense, the residence of Lisa Dunn, his former girlfriend and the mother of his infant son, put a stun gun to her head and shocked her, and continued to shock her with the stun gun on her head, neck, chest, and limbs until she was able to get away from him and escape the residence. At a jury trial, Dunn testified that appellant shocked her numerous times, and that there were several times when he held the stun gun against her body rather than simply shocking her with it on each separate occasion. After the attack she counted 13 marks on her body.
 {¶ 3} On April 8, 2003, a jury convicted appellant on one count of aggravated burglary, one count of abduction, one count of kidnapping, and one count of felonious assault. This appeal follows in which appellant raises two assignments of error.
 {¶ 4} In his first assignment of error, appellant argues that his felonious assault conviction was not supported by sufficient evidence because the prosecution failed to prove an essential element of felonious assault: serious physical harm. As a result, his Crim.R. 29(A) motion should have been granted at the close of the prosecution's case.
 {¶ 5} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v.Smith, 80 Ohio St.3d 89, 113, 1997-Ohio-355, quoting State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Smith at 113.
 {¶ 6} Appellant was convicted of felonious assault, in violation of R.C. 2903.11(A)(1), which states: "No person shall knowingly cause serious physical harm to another * * *." As pertinent to this case, "serious physical harm" is in turn defined as "[a]ny physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C.2901.01(A)(5)(e).
 {¶ 7} Appellant contends that Dunn's injuries from the stun gun did not cause serious physical harm because Dunn (1) never fainted from the pain caused by the stun gun, (2) initially declined to be taken to the hospital, (3) was treated at the hospital for about 15 minutes with ointment and Band-Aids, and (4) was given "nerve pills" for her emotional condition but was not given any pain medication. In addition, most of her scars had healed by the time of the trial.
 {¶ 8} Dunn, however, testified that although the treating physician recommended pain medication, she refused it as she already had a prescription for pain medication for a recent ankle injury. While she did initially decline an ambulance, she did not know what she needed as she was in shock, upset, crying, shaking, and unable to make complete sentences. Dunn also described her pain during the assault as follows:
 {¶ 9} "I didn't know at the time what it was and I just fell and I was convulsing, * * * I was just convulsing. It was like electric shock. Like you stick your finger in a socket[.] * * * The first place was on my neck. And he held it there for a long time and it began to burn and I was in pain and I was burning. I felt such a burn, I felt my skin was on fire[.] * * * And I think the lower [on her body] he got the more I convulsed as far as my muscle spasms and the burning on the neck was probably the worst pain."
 {¶ 10} As previously noted, appellant shocked Dunn numerous times, oftentimes holding the stun gun against her body while triggering it. Viewing this evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could find that Dunn suffered serious physical harm as defined in R.C.2901.01(A)(5)(e). Appellant's felonious assault conviction is supported by sufficient evidence. Appellant's first assignment of error is overruled.
 {¶ 11} In his second assignment of error, appellant argues that the prosecution committed misconduct during closing arguments by commenting that the state's evidence was "unrefuted, uncontroverted, and unrebutted." Appellant claims that the prosecution's comments were impermissible references to his failure to testify at trial.
 {¶ 12} During closing arguments, the prosecution commented that the state's evidence was uncontroverted and unrefuted. Defense counsel did not object but moved for a mistrial before his closing argument. The trial court denied the motion, stating that while the argument was "aggressive," it was not prosecutorial misconduct. During his closing argument, defense counsel challenged Dunn's testimony about her pain, stating that while he was not minimizing the fact she had suffered pain, the facts did not support the existence of serious physical pain. On rebuttal, the prosecution argued: "[Defense counsel] kept saying I don't want to minimize. That is exactly what he was doing. He even accused [Dunn] of embellishing about the convulsions. He said that young lady was embellishing. Did he have anything to controvert, contradict, refute, rebut anything she said about her injuries? You hear anything? All I can say is the sound of silence is deafening." Defense counsel's objection to the comments was overruled.
 {¶ 13} After the trial was over, defense counsel moved for a new trial, citing the prosecution's improper arguments. During a hearing on the motion, the prosecution argued that its comments only referred to the fact that there was no evidence to rebut Dunn's injuries. Defense counsel countered, arguing that he had offered evidence to rebut her injuries, to wit, Dunn's hospital records which did not say anything about convulsions. The trial court overruled the motion, stating:
 {¶ 14} "I think that the statement goes to the one issue * * * which was whether or not * * * the victim suffered serious physical harm[.] And I simply believe that he was addressing not the defendant's failure to testify, but the fact that there was no evidence as to the issue of serious physical harm. * * * [I] suggest to you that [the prosecution is] trying to say that the [hospital records] you presented [were] not relevant or no significant weight to the issue of serious physical harm. But I did hear the statements, and I don't believe that there was any prosecutorial misconduct[.]"
 {¶ 15} Isolated comments by a prosecutor are not to be taken out of context and given their most damaging meaning. State v.Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, ¶ 94. Rather, an appellate court must review a closing argument in its entirety to determine whether prejudicial error exists. Id. The test for prosecutorial misconduct in an alleged reference to a defendant's failure to testify is "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." State v. Webb, 70 Ohio St.3d 325, 328,1994-Ohio-425.
 {¶ 16} A prosecutor's reference in closing arguments to uncontradicted evidence "is not a comment on the accused's failure to testify where the comment is directed to the strength of the state's evidence and not to the silence of the accused, and the jury is instructed not to consider the accused's failure to testify for any purpose." State v. Ferguson (1983),5 Ohio St.3d 160, 163. A prosecutor "is not prevented from commenting upon the failure, on the part of the defense, to offer any other evidence in support of its case." Id. at 162.
 {¶ 17} In the case at bar, the trial court instructed the jury not to consider appellant's failure to testify for any purpose. After reviewing the parties' closing arguments in their entirety, and taking the prosecution's comments in context, we find that they were not a comment on appellant's failure to testify, but rather were directed to the strength of the state's case. The comments therefore did not rise to the level of prosecutorial misconduct. Appellant's second assignment of error is overruled.
 {¶ 18} Judgment affirmed.
Walsh and Valen, JJ., concur.