JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant John Loparo (appellant) appeals his convictions of multiple counts of assault, theft, kidnapping, abduction, and robbery. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On October 4, 2005, appellant allegedly stole $6,000 in cash from Salwa Raee (the victim), and assaulted her with a stun gun, his fists and elbow, a pillow, and a knife. It is undisputed that appellant and the victim were acquaintances, and on the day in question appellant went to the victim's home on Scranton Road in the city of Cleveland. The parties dispute what happened after appellant arrived at the victim's home and shortly thereafter in the street and surrounding neighborhood.
 {¶ 3} According to the victim, appellant, who had done home repairs for her before, came to her house on October 4, 2005 to deliver replacement windows. Once inside, he used a stun gun on her and told her he needed cash to pay a gambling debt he incurred. Appellant hit her and dragged her by the hair throughout the house until he found the safe she kept in her bedroom closet. He smothered her with a pillow and demanded that she open the safe. Appellant threatened to kill her because she knew who he was and he did not want to get caught. The victim testified that, fearing for her life, she gave appellant $6,000 in cash that she had in her purse after allegedly settling an insurance claim. Appellant then forced her out *Page 3 
to her car where she kept the key to the safe, and when they got outside, she ran. He chased her, caught her, and cut her throat with a knife.
 {¶ 4} According to appellant, he and the victim were having an affair and he went to her house on October 4, 2005 to break it off. During their affair, he would go to her house with something to use as a pretense should anyone become suspicious. On this day, he arrived at her house with an envelope. Appellant testified that after he told the victim the affair was over, she became hysterical, attacked him with a stun gun and scissors, and ran out of the house screaming and creating a scene.
 {¶ 5} Four witnesses saw the events, starting from when appellant and the victim exited the house and leading up to when he caught her as she was attempting to run away. Two witnesses testified that appellant struggled with the victim, and then he grabbed her by her hair and dragged her down an alley. One witness saw appellant holding something shiny and silver in his hand. Two witnesses saw appellant drop something, and then the victim ran away, screaming "he has a knife."
 {¶ 6} After the incident, the victim was taken to the hospital, and she received one subcutaneous 5.0 fast-absorbing gut suture in her neck. In addition, the wound was closed with dermabond and bandaged. The emergency room records list the victim's reason for seeking medical treatment as a stab wound to the neck.
 {¶ 7} On November 8, 2005, a grand jury charged appellant with the following: one count of attempted murder in violation of R.C. 2923.02
and 2903.02; *Page 4 
three counts of felonious assault in violation of R.C. 2903.11; one count of theft in violation of R.C. 2913.02; one count of kidnapping in violation of R.C. 2905.01; one count of abduction in violation of R.C.2905.02; two counts of aggravated robbery in violation of R.C. 2911.01; and three counts of robbery in violation of R.C. 2911.02.
 {¶ 8} The case was tried before the court on March 10, 2006. On March 13, 2006, appellant was acquitted of attempted murder and found guilty of the remaining eleven counts. On April 12, 2006, the court sentenced appellant to six years in prison.
 II {¶ 9} In his first assignment of error, appellant argues that "the trial court erred in overruling defense motion for a judgment of acquittal on several charges because reasonable minds could come only to the conclusion the state failed to address each and every element of the 12 counts charged." Specifically, appellant argues that the witnesses' testimonies were inconsistent with the medical records submitted into evidence and that the state failed to present "crucial" evidence, such as the knife and the $6,000 cash that appellant allegedly stole from the victim.
 {¶ 10} Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing sufficiency of the evidence, an appellate court must determine "[w]hether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the *Page 5 
crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259.
 {¶ 11} In the instant case, appellant appeals his convictions for felonious assault, theft, kidnapping, abduction, and robbery. The crux of appellant's arguments is that the witness testimony against him was either uncorroborated by, or inconsistent with, physical evidence presented by the state.
 {¶ 12} Felonious assault is defined in R.C. 2903.11, in part, as: "No person shall knowingly * * * [c]ause serious physical harm to another * * * [or] [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." In the instant case, appellant argues that the state never produced the knife or the stun gun he allegedly used to assault the victim:
 "Nor was a knife found and introduced into evidence. Instead a knife is apparently inferred by a superficial cut on the victim's neck. Such a cut could very well have come from a two inch metal key chain shown in court. Moreover, the defendant claims her assailant used a stun gun. Again, none was ever produced in court. But more importantly stun guns are specifically used by police departments because they are non-lethal and do no permanent damage. With the state lacking any dangerous ordnance which caused serious physical harm, any count of § 2903.11(A)(2) should have resulted in a judgment for acquittal."
 {¶ 13} A criminal defendant may be convicted by direct, testimonial evidence alone, and the credibility given to the witnesses is left primarily to the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230. See, also, State v. Bew (Feb. 21, 1996), Lorain App. No. 95CA006095 (holding that the "state is not required to introduce a deadly weapon or dangerous ordnance into evidence in order to obtain a *Page 6 
conviction * * *. The trier of facts can infer [this] from the evidence"). Furthermore, "serious physical harm," one element of assault, may involve any of the following: "temporary, substantial incapacity"; "temporary, serious disfigurement"; or "acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5). Compare State v.Grider (Dec. 20, 1995), Cuyahoga App. No. 68594 (holding that serious physical harm may be found where the injuries cause a victim to seek medical treatment) with In re Delayn K. (Dec. 15, 2000), Huron App. No. H-00-029 (holding that an injury did not qualify as serious physical harm when the wound did not need stitches and no medical records were produced during trial). In addition, Ohio courts have found that both a knife and a stun gun may qualify as deadly weapons under the felonious assault statute, R.C. 2903.11. See State v. Oquendo, Cuyahoga App. No. 87913, 2007-Ohio-628; State v. Rager, Butler App. No. CA2003-05-132,2004-Ohio-2485, respectively.
 {¶ 14} In the instant case, the victim testified that appellant cut her in the neck with a knife and used a stun gun on her. Eyewitness testimony and medical records from emergency room treatment corroborate this story. Accordingly, there is sufficient evidence to prove the elements of felonious assault.
 {¶ 15} Appellant's arguments for his remaining convictions of theft, kidnapping, abduction, aggravated robbery, and robbery are fashioned similarly. The $6,000 appellant allegedly stole from the victim was never recovered and never produced at *Page 7 
trial; thus, there is insufficient evidence to prove a theft or robbery. Along that same line, appellant argues there is no evidence of a kidnapping or abduction because there is no evidence of an assault, theft, or robbery. As stated earlier, the victim's testimony, coupled with the testimony of eyewitnesses and medical records, is sufficient to prove the elements of felonious assault, theft, kidnapping, abduction, aggravated robbery, and robbery beyond a reasonable doubt, and appellant's first assignment of error is overruled.
 III {¶ 16} In his second assignment of error, appellant argues that "the trial court erred in convicting the defendant on 11 counts of the indictment because such conviction is against the manifest weight of the evidence." Specifically, appellant argues that this case was nothing more than a "he said, she said" scenario, and that the inconsistent and missing evidence weighed in favor of acquitting appellant of all charges.
 {¶ 17} The proper test for an appellate court reviewing a manifest weight of the evidence claim is as follows:
 "The appellate court sits as the `thirteenth juror' and, reviewing the entire record, weighs all the reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
State v. Thompkins (1997), 78 Ohio St.3d 380, 387. *Page 8 
 {¶ 18} In the instant case, appellant argues, for example, that the medical records from the victim's trip to the emergency room after the incident in question do not support her testimony about what happened on that day. However, appellant once again points to the lack of evidence, rather than what the state did present during trial, to make his argument. Appellant notes that the medical records do not show that the victim suffered bruises or marks from a stun gun. However, what the medical records do show is that the victim reported being robbed and assaulted with a stun gun and a knife by a man she knew, and that she was treated for a laceration on her neck. The court found these medical records, as well as the victim's and eyewitnesses' stories, more credible than appellant's testimony that the victim provoked the incident as a scorned lover. It is well within the court's province to believe the victim's testimony over the assailant's, and there is nothing to show that the court lost its way in convicting appellant. His second assignment of error is overruled.
 IV {¶ 19} In his third and final assignment of error, appellant argues that "the trial court erred in overruling defense motion for a merger of counts in the indictment." Specifically, appellant argues that the felonious assault, theft, aggravated robbery, and robbery charges should be merged in the instant case because they are allied offenses that all stemmed from the same incident. Additionally, appellant argues that the kidnapping and abduction charges should also merge offense because they *Page 9 
are incidental to the one overriding offense — robbery. In summary, appellant argues that all counts should merge into one count of robbery in violation of R.C. 2911.02(2).
 {¶ 20} R.C. 2941.25(B) addresses multiple offenses, and it states:
 "Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 21} In addition, the Ohio Supreme Court has held that there is a two-part test to determine whether crimes are allied offenses. State v.Blankenship (1988), 38 Ohio St.3d 116. First, if "the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import * * *." Id. at 117. Second, "the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." Id. Robbery and aggravated robbery are not allied offenses of similar import. State v.Palmer, 148 Ohio App.3d 246, 2002-Ohio-3536. Furthermore, aggravated robbery and felonious assault are not allied offenses of similar import.State v. Allen (1996), 115 Ohio App.3d 642. Finally, kidnapping is not an allied offense to felonious assault or aggravated robbery. State v.Totarella, *Page 10 
Lake App. No. 2002-L-147, 2004-Ohio-1175; State v. Beane (Apr. 4, 1991), Champaign App. No. 90-CA-13.
 {¶ 22} In the instant case, appellant was convicted of eleven counts of six different offenses. However, appellant was convicted of no more than three counts of any one offense. A review of the transcript shows that the victim testified to at least three separate segments of appellant attacking her: inside the house, outside on the street, and in the alley. Furthermore, the court found that appellant stole $6,000 in cash from the victim, attempted to steal the contents of the victim's safe, and assaulted the victim with his fists, elbow, a stun gun, pillow, and knife multiple times throughout the incident, showing separate times and manners of animus. We find that under the circumstances of the case at hand the court did not err by convicting appellant of multiple offenses under R.C. 2941.25(B). Appellant's third assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 11 
 FRANK D. CELEBREZZE, JR., A.J., and JAMES J. SWEENEY, J., CONCUR *Page 1